*UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO*

## *Minute Order*

| | |
|---|---|
| Date: January 5, 2021 | **Honorable Thomas B. McNamara, Presiding**<br>Anne E. R. Tunnell, Law Clerk |

| | | |
|---|---|---|
| In re: GRANT GOSCH<br>TINA GOSCH | | Case No. 20-13871 TBM<br>Chapter 13 |
| Debtors. | | |

| | Appearances | | | Represented by: |
|---|---|---|---|---|
| Trustee | **Adam M. Goodman** | | Counsel | **Jennifer Cruseturner** |
| Debtors | | | Counsel | **Kellie Arman Schone** |
| Creditor | | | Counsel | |

Proceedings: **Status Conference on: (1) "Objection to Claimed Exemption in Property" (Docket No. 18, the "Exemption Objection") filed by the Chapter 13 Trustee, Adam M. Goodman (the "Chapter 13 Trustee") and the Debtors' Response thereto (Docket No. 20, the "Response"); and (2)  the Confirmation Hearing on Debtors' Amended Chapter 13 Plan (Docket No. 27, the "Plan") and the Objection thereto (Docket No. 32, the "Objection") filed by the Debtors.**

[X] Counsel for the Debtors and for the Chapter 13 Trustee entered their appearance on the record.

[X] The Court issued oral findings and conclusions of record on the Exemption Objection and the Debtors' Response.

[X] Based upon the Court's ruling on the Exemption Objection, the representations made by the Debtors in their Amended Confirmation Status Report (Docket No. 55, the "CSR"), and the parties' stipulations in the "Joint Stipulation of Facts" (Docket No. 58, the "Joint Stipulation"), the Court inquired of the Chapter 13 Trustee and the Debtors whether it was appropriate to proceed to an evidentiary hearing on confirmation of the Plan on January 6, 2021, as currently set.

[X] Counsel for the Chapter 13 Trustee argued that the Debtors should file an Amended Plan first and the Chapter 13 Trustee would renew his objections if necessary.  The Chapter 13 Trustee agreed that a factual record may be required before the Court can decide the legal issue presented in the parties' briefs: whether the Debtors should be required to submit the exempt Settlement Funds in the amount of $46,595 (the "Settlement Funds") referred to in the Exemption Objection (Docket No. 18) to payments under their Plan.

[X] The Chapter 13 Trustee reviewed documents provided to him and reported that the Settlement Funds were received by the Debtors just days prior to filing their Chapter 13 case.

[X] The Debtors agreed with the approach suggested by the Chapter 13 Trustee.  Counsel for the Debtors requested additional time to file an Amended Chapter 13 Plan.  Counsel for the

Chapter 13 Trustee did not oppose such extension of time and requested a 14-day time period to file any objections.

[X] The Court raised questions related to evidence that may be required to address confirmation of a plan under 11 U.S.C. § 1325(a) and (b) with respect to the impact of the Settlement Funds on the calculation of Current Monthly Income and the confirmability of a Chapter 13 plan.

Orders:

[X] Pursuant to the oral findings and conclusions made of record, the Court DENIED the Chapter 13 Trustee's Exemption Objection and sustained the Debtors' Claim of Exemption in the Settlement Funds in the amount of $46,595.

[X] Confirmation of the Plan (Docket No. 27) is DENIED.  All pending Objections are deemed moot.  Any party desiring to object to a future Chapter 13 Plan must file a new Objection.

[X] The Evidentiary Hearing on confirmation of the Debtors' Plan set to commence on Wednesday, January 6, 2021 at 1:30 p.m. is VACATED.

[X]The Debtors shall file and serve an Amended Chapter 13 Plan and a Notice, in substantial conformity with L.B.F. 3015-1.2, on or before **JANUARY 13, 2021**.  The Debtors shall also file by that date a Certificate of Service confirming proper service of the Amended Chapter 13 Plan and Notice.  The Notice shall include information regarding how to participate in the new Confirmation Hearing telephonically.  The deadline for Objections (which must be set forth in the Notice) shall be **JANUARY 27, 2021**.

[X] The Debtors' oral Motion to Limit Notice is GRANTED.  The L.B.F. 3015-1.2 Notice (described above), shall be served on the Chapter 13 Trustee, the Debtors, all objectors to prior Chapter 13 Plans, all parties requesting notice, all creditors holding secured claims (Schedule D), all creditors holding unsecured priority claims (Schedule E), and all parties adversely affected by changes incorporated into the Amended Chapter 13 Plan.  It shall be the obligation of Debtors to determine which parties may be adversely affected by amendments, if any.  If adversely affected parties are not served with the Notice, they may not be bound by the terms of any Amended Chapter 13 Plan.

[X] If Objections are filed to the Amended Chapter 13 Plan, the Debtors shall file a new Confirmation Status Report, in compliance with L.B.R. 3015(e) and in substantial conformity with L.B.F. 3015-1.4.  If no Objections to the Amended Chapter 13 Plan are filed, the Debtors shall file a Verification of Confirmable Plan in compliance with L.B.R. 3015(d) and in substantial conformity with L.B.F. 3015-1.3.  Either a Verification of Confirmable Plan or a Confirmation Status Report must be filed on or before **FEBRUARY 10, 2021.**

[X] The Court will conduct a Confirmation Hearing on a trailing docket on the Amended Chapter 13 Plan and any objections thereto on **Wednesday, FEBRUARY 17, 2021, at 10:30 a.m.** in Courtroom E, U.S. Custom House, 721 19th Street, Denver, CO 80202. Parties who have fully complied with the requirements of L.B.R. 3015-1 may appear telephonically. Parties

⊠This hearing is considered evidentiary for statistical reporting purposes only.

wishing to appear telephonically shall call the Court at 1-888-684-8852 immediately prior to the time of the scheduled hearing. The meeting ID number is <u>3187256</u>, followed by the # sign. The Court strongly recommends use of a land line if appearing by phone. Please stay on the line until the Court operator takes the roll call and the hearing begins. The Court will not contact parties by telephone. If a party has not called in to the conference line or is not present in Court, it will be deemed a failure to appear. Failure to connect to the conference call line in a timely manner may preclude your participation in the hearing.  In the event you are otherwise unable to connect after following the instructions provided above, please call the Chambers of the undersigned Judge at 720-904-7310 and leave a name, case number and a telephone number where you can be reached and the Court will return the call.  The Confirmation Hearing is set for a non-evidentiary hearing.  If the Confirmation Hearing involves a contested factual issue requiring the presentation of evidence, the Confirmation Hearing will be used as a Status and Scheduling Conference, at which time the Court will set dates for a final evidentiary hearing and for the exchange of witness and exhibit lists.

[X] The Court advised the parties that if an objection is filed to the Amended Plan and an evidentiary hearing is required, they should be prepared to proceed to an evidentiary confirmation hearing promptly.

[X] **Failure by the Debtors to timely file and serve the Amended Chapter 13 Plan, the Notice, and either the Verification of Confirmable Plan or Confirmation Status Report, shall be deemed cause for denial of confirmation and for dismissal.  Thus, confirmation may be denied and this case may be dismissed without further notice or hearing if the required documents are not timely filed.  <u>If such failures occur, but the case is not dismissed for such failures, counsel for the Debtors must appear in person for the Confirmation Hearing or file a motion for authorization to appear telephonically and explain the grounds thereof.</u>**

Date: **January 5, 2021**                    BY THE COURT:

_Thomas B. McNamara_____
Honorable Thomas B. McNamara,
United States Bankruptcy Court Judge

☒This hearing is considered evidentiary for statistical reporting purposes only.